UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PLASMA PHYSICS CORPORATION and<br>SOLAR PHYSICS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORP. and<br>CHI MEI OPTOELECTRONICS USA INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>2:08-cv-1628-LDW-WDW |

**JOINT RULE 26(f) PROPOSED DISCOVERY PLAN & SCHEDULING ORDER**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Initial Conference Order, Plaintiffs Plasma Physics Corporation and Solar Physics Corporation ("Plasma" or "Plaintiffs") and Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("Chi Mei" or "Defendants") hereby submit the following Joint Report.

**A.     The Action**

On April 18, 2008 Plasma filed a complaint against Defendants alleging infringement of United States Patent Nos. 5,470,784 ("the '784 Patent"), 6,345,648 ("the '648 Patent") and 5,543,634 ("the '634 Patent") (collectively, the "Patents-in-Suit").  The '784 and '648 Patents relate to particular processes for making semiconductor devices using plasma enhanced chemical vapor deposition ("PECVD"), *e.g.*, semiconductor wafer products and thin film transistor liquid crystal display ("TFT LCD") products.  The '634 patent relates to TFT LCD products.  Plaintiffs allege that the equipment used by Defendants to practice the processes of the '784, and '648 Patents is made and sold by at least Applied Materials, Inc or its subsidiary AKT, Inc.

Through counsel in the instant action, Plasma also filed complaints against other parties on April 18, 2008. The Defendants in those actions are: AU Optronics Corporation, AU Optronics Corporation America, HannStar Display Corp., HannSpree North America, Inc., Innolux Display Corp., Innolux Corp., TPO Displays Corp. and TPO Displays USA Inc. (hereinafter collectively the "Other Defendants").

Chi Mei Optoelectronics Corporation filed its answer on September 3, 2008. On the same day, Chi Mei Optoelectronics USA, Inc. submitted a letter requesting a pre-motion conference concerning its intent to file a Rule 12(b)(6) motion to dismiss.

**B.** **Rule 26(f)(3)(A) – Rule 26(a) Disclosures**

The parties agree to provide initial disclosures in accordance with Rule 26(a)(1) by October 2, 2008.

**C.** **Rule 26(f)(3)(B) – Subjects of Discovery, Coordination Thereof and Scheduling**

Plaintiffs propose that discovery will be necessary on the following subjects:

1. Chi Mei's alleged infringement of the Patents-in-Suit;

2. The process steps and equipment used by Chi Mei to manufacture semiconductor devices, including but not limited to, by PECVD;

3. The structure and operation of PECVD equipment used by Chi Mei;

4. The identity of semiconductor products made in the United States or abroad using the process steps and equipment identified in paragraphs 2 and 3 above;

5. The manufacturing specifications employed by Chi Mei for the equipment used to perform PECVD;

6. Chi Mei's alleged willful infringement of one or more of the Patents-in-Suit and each defense thereto to be relied upon by Chi Mei;

7. The alleged invalidity and unenforceability of the Patents-in-Suit;

8. Plaintiffs' licensing of the Patents-in-Suit;

9. The attributes establishing the non-obviousness of the Patents-in-Suit;

10. Indemnification agreements with Chi Mei's machinery suppliers, if any;

11. Communications between Chi Mei and its machinery suppliers regarding Plaintiffs' offers of license and suits against them;

12. The structure and operation, both actual and intended, of semiconductor processing equipment supplied to Chi Mei by Applied Materials (including instructions given by Applied Materials to its customers and the process steps used by said customers);

13. All lawsuits filed or defended by Plaintiffs relating to the Patents-in-Suit, either collectively or individually;

14. The damages to be awarded Plaintiffs as a result of Chi Mei's alleged infringement, including the amount of a reasonable royalty and the volume of TFT LCD product sales to be included in the royalty base;

15. Chi Mei's investigation of the validity, infringement, or enforceability of any of the Patents-in-Suit, prior to the filing of the complaint in this action;

16. Chi Mei's investigation of John Coleman or Plaintiffs prior to the filing of the complaint in this action;

17. Chi Mei's early knowledge, through their counsel, of the patentee's pioneering developments in the field of PECVD;

18. Communication among Chi Mei and any licensees under the Coleman patents relating to Coleman, his offers of license, the licenses, this litigation, their pleadings and/or cooperation;

19. Chi Mei's licensing practices, including licenses that Chi Mei has entered into, offers of license made and/or received by Chi Mei, and negotiations for such licenses;

20. Any other subject reasonably related to the allegations presented in the lawsuit.

Plaintiffs contemplate that all fact discovery in this case will be completed by June 16, 2009.

Defendants propose that discovery will be necessary on matters relating to the non-infringement, invalidity, and/or unenforceability of the Patents-in-Suit, including, but not limited to, the following subjects:

1. Construction of the claims of the Patents-in-Suit;

2. Conception, reduction to practice and diligence in reducing to practice the claimed inventions;

3. Whether the Patents-in-Suit are invalid and void because the specifications and claims thereof fail to comply with the requirements of 35 U.S.C. § 101 et seq., including §§ 102, 103, 112, and/or obviousness-type double patenting;

4. Prior art relating to the Patents-in-Suit and Plaintiffs'/John Coleman's knowledge of the prior art;

5. The prosecution of the Patents-in-Suit and of the related patents in the chain dating back to U.S. application Serial No. 857,690 filed December 1977;

6. Whether the relief sought by Plaintiffs is barred in whole or in part by the doctrine of laches;

7. Whether Plaintiffs' claims are barred in whole or in part by delay in prosecuting the patent applications resulting in the Patents-in-Suit;

8. Whether the relief sought by Plaintiffs is barred in whole or in part by the doctrine of unclean hands and/or patent misuse;

9. Whether by the reason of prosecution before the United States Patent and Trademark Office leading to the Patents-in-Suit, and by reason of admissions made by or on behalf of the applicant for these patents, plaintiffs are estopped from claiming infringement by Defendants of one or more of the claims of such patents;

10. Whether Plaintiffs are equitably estopped from pursuing claims under the Patents-in-Suit;

11. Whether the Patents-in-Suit are unenforceable under the doctrine of inequitable conduct;

12. Plaintiffs' licensing of the Patents-in-Suit and related patents; and

13. All lawsuits filed by Plaintiffs, either collectively or individually, relating to the Patents-in-Suit, or to any other of the related patents in the chain dating back to U.S. application Serial No. 857,690 filed December 1977, and any agreements in settlement of any of those lawsuits.

Defendants contemplate that fact discovery in this case will be completed by August 16, 2009.

**Proposed Schedule for Discovery and Trial**

| Event | Plaintiffs' Proposal | Chi Mei's Proposal |
|---|---|---|
| **Fact Discovery Opens** | **October 3, 2008** | **October 3, 2008** |
| **Last day for motions to join new parties or amend pleadings** | **January 5, 2009** | **January 5, 2009** |
| **Any party intending to rely on the advice of counsel in defense to a charge of willful infringement or inducement shall notify the opposing side of such intention and shall provide copies of opinion, evidence and related material to the extent that they have not already been produced.** | **February 2, 2009** | **July 16, 2009** |
| **Parties to exchange draft claim constructions** | **February 13, 2009** | **February 13, 2009** |
| **Parties to meet and confer on claim construction issues** | **February 20, 2009** | **February 20, 2009** |
| **Parties to file and serve opening Markman brief** | **March 6, 2009** | **March 6, 2009** |
| **Parties to file and serve opposing Markman brief** | **March 20, 2009** | **March 20, 2009** |
| **Court holds Markman hearing (to be determined based on Court's availability)** | **April 16, 2009** | **April 16, 2009** |
| **Close of fact discovery. This deadline is the last day to serve discovery responses.** | **June 16, 2009** | **August 16, 2009** |
| **Rule 26 disclosures regarding case-in-chief experts** | **July 16, 2009** | **September 16, 2009** |
| **Rule 26 disclosures regarding rebuttal experts** | **July 30, 2009** | **September 30, 2009** |
| **Close of Expert Discovery** | **August 21, 2009** | **October 21, 2009** |
| **Last day to file dispositive motions** | **August 28, 2009** | **November 6, 2009** |
| **Court holds pretrial conference (to be determined based on the Court's availability)** | **September 2009** | **November 2009** |
| **Trial ready date (to be determined based on the Court's availability)** | **October 2009** | **December 2009** |

**D.**     **Rule 26(f)(3)(C) – Disclosure of Electronically Stored Information**

The parties have conferred regarding the disclosure of electronically stored data.  The parties agree to further confer during the course of discovery to identify reasonable parameters on which they will search their electronically stored data, including e-mails.

**E.**     **Rule 26(f)(3)(D) – Claims of Privilege or Protection as Trial Preparation Materials**

The parties expect to reach agreement on a provision directed to the assertion of privilege or of protection as trial preparation materials in a Stipulated Protective Order governing the exchange of confidential information.  Plaintiffs seek to have the same provision for all related cases.

**F.**     **Rule 26(f)(3)(E) – Limitations on Discovery**

1. The parties agree that a maximum of 35 interrogatories, including subparts, may be served by each side of this litigation on any other side.

2. The parties shall exchange schedules of documents withheld on claims of attorney-client privilege and/or work product immunity at a mutually agreeable time after entry of a Protective Order by the Court.

3. The parties agree that each side of this litigation be limited to ten (10) depositions of fact witnesses consistent with Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure.  Individual depositions of fact witnesses are limited to seven (7) deposition hours, except by leave of Court.  However, if an interpreter is required the seven (7) hour time limit will be doubled.

No limitations on discovery other than those set forth above and in the applicable Federal Rules have been proposed.  Any further limitation on discovery may be added by agreement of the parties or by further Order of this Court.

NY02:634228.2                              7

**G.     Rule 26(f)(3)(F) – Protective Order**

The parties expect to reach agreement on the form of a Stipulated Protective Order governing the exchange of confidential information.  Plaintiffs seek to have the same form of Protective Order for all related cases.

Dated: September 25, 2008                                   Dated: September 25, 2008

Respectfully submitted,                                          Respectfully submitted,

*/s/  Jennifer Cozeolino*                                           */s/ Lynn M. Marvin with permission by Jennifer Cozeolino*

Neil P. Sirota NPS 3870                                          John J. Lauter (JJL3226)
Paul A. Ragusa PAR 9165                                      Barry R. Satine (BS8785)
Karen Wuertz KW 2853                                         Lynn M. Marvin (LM0987)
Robert L. Maier RLM 2930                                   JONES DAY
Jennifer Cozeolino JC 4841                                   222 East 41st Street
BAKER BOTTS L.L.P.                                         New York, NY 10017
30 Rockefeller Plaza                                              (212) 326-3939
New York, NY 10112
(212) 408-2500                                                       Attorneys for Defendants

Attorneys for Plaintiffs

OF COUNSEL:

Robert Neuner
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500