UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) ) | Civil Action No. 2:08-cv-1627-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| AU OPTRONICS CORPORATION and AU OPTRONICS  CORPORATION AMERICA | ) ) ) ) | |
| Defendants. | ) ) | |
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-1628-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| CHI MEI OPTOELECTRONICS CORP. and CHI MEI OPTOELECTRONICS USA INC., | ) ) ) | |
| Defendants. | ) ) | |
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-1629-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| INNOLUX DISPLAY CORPORATION. and INNOLUX CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Plasma Physics Corporation and Solar Physics Corporation ("PPC/SPC") and

Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.

(collectively "Chi Mei"), AU Optronics Corporation and AU Optronics Corporation America

1

(collectively "AUO"), and InnoLux Corporation and InnoLux Display Corporation (collectively "InnoLux") hereby stipulate to the entry of this Protective Order.

## SCOPE

1.     This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure ("Discovery Material").  This protective order also applies to the use of confidential information in motions, briefs, and/or memoranda.

2.     As used herein, "Producing Party" shall refer to any party to these Actions and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3.     Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" in accordance with this Protective Order.   The burden of establishing that Discovery Material is CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY as defined herein shall be on the Producing Party.  The designation of any Discovery Information as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.     Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) proprietary research, development and/or technical information that is not publicly available; and (ii) sensitive financial, business or commercial information that is not publicly available.  Notwithstanding the above, Discovery Material designated as CONFIDENTIAL shall be limited to Discovery Material that the Producing Party believes in good faith must be held confidential to protect legitimate financial, business or commercial interests of the Producing Party.

5.     Discovery Material falling into one or more of the following categories may be designated as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY: (i) proprietary research, development and/or technical information that is not publicly available and that is highly sensitive; (ii) unpublished patent applications and patent prosecution documents with respect thereto that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii) highly sensitive financial, business or commercial information that is not publicly available.  Notwithstanding the above, Discovery Material designated SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall be limited to Discovery Material that the Producing Party believes in good faith must be held highly confidential because disclosure as CONFIDENTIAL would not provide adequate protection to the legitimate financial, business or commercial interests of the Producing Party.

6.     The Producing Party may designate Discovery Material as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY by placing the appropriate following legends (or similar legends) on the document or thing: CONFIDENTIAL – Civil Action No. 2:08-cv-1627, 1628, or 1629, according to which action the information is or was originally produced in; or SUPERCONFIDENTIAL INFORMATION – OUTSIDE

COUNSEL ONLY – Civil Action No. 2:08-cv-1627, 1628; or 1629, according to which action the information is or was originally produced in.  Provided, however, that in the event that original documents are produced for inspection, the Receiving Party and Producing Party shall agree jointly upon a mechanism to place the appropriate legend on the documents in the copying process.  CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY materials shall not include any document, information or other materials that (a) were lawfully in the possession of the Receiving Party prior to production; (b) are, at the time of disclosure, in the public domain by publication or otherwise through no fault of the Receiving Party (including, for example, prior art publications published by a patent office); (c) are not under law entitled to be treated as confidential; or (d) are obtained by a party by legal means and without any obligation of confidentiality to the party claiming its confidential nature.

7.    Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY by placing either of the following legends (or similar legends) on the face of any such document:

> "Contains CONFIDENTIAL information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included"; or

> "Contains SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information is included."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY and the face of the

document and those pages containing CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information shall be so designated.

8.     Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY by stating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY or may also designate information disclosed at such deposition as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY.  Unless otherwise designated, all transcripts shall be treated as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY until 15 days after receipt of the transcript.  The following legends (or similar legends) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information:

> "Contains CONFIDENTIAL information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included"; or

> "Contains SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information is included."

9.      All CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed sealed either electronically in accordance with the applicable rules/orders or in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL – Restricted Access According to Court Order" or "SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court or consent of the parties."

> The Clerk of Court is directed to maintain under seal all material filed in this Action that has been marked or designated, in whole or in part, as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY and filed in accordance with this paragraph.

## <u>USE</u>

10.     All Discovery Material produced in this case, including Discovery Material designated CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall be used only in preparation for, and in, the trial and/or the defense of this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration, claim, and patent prosecution matter.  PPC/SPC including its counsel (outside and in-house) shall not use the Confidential or SuperConfidential Information of any Producing Party for the purpose of prosecuting any patent application related to PECVD or in connection with any other proceeding before the U.S. Patent and Trademark

Office that involves a patent or patent application related to PECVD. PPC/SPC, or any in-house counsel or outside counsel of PPC/SPC who is given access to the Confidential or SuperConfidential Information of any Producing Party shall not counsel, assist, or participate in the preparation, filing, or prosecution of any patent application, interference, reexamination or reissue, related to PECVD during the pendency of this action and for two years after the case is terminated, either thorough settlement, or judgment including any appeals. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material. Moreover, nothing in this Protective Order shall preclude a party from providing prior art or alleged prior art produced in this case to the United States Patent and Trademark Office. In the event that a party wishes to disclose Discovery Material designated CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY for use in proceedings before the United States Patent and Trademark Office in which the Producing Party or the Receiving Party is a participant or in an action in which the Receiving Party is a party, such party desiring disclosure shall provide written notice to the party or non-party who has produced such material, identifying: (i) the action or proceeding, (ii) the material sought to be disclosed, and (iii) the reason for the proposed disclosures. If the Producing Party objects in writing to the proposed disclosure, the disclosure shall not be made. If such an objection is made, the party seeking disclosure may move for an order allowing such disclosure.

11. All material designated CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12. Any third parties designating information CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY may intervene to enforce the provisions of this Protective Order.

## DISCLOSURE

13. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

(b)    no more than two "in-house attorneys" will have access to the Producing Party's confidential information at any given time (in the event an in-house attorney designated with access to a Producing Party's confidential information is either no longer under the employment of the Receiving Party or is no longer assigned to this litigation, another in-house attorney shall be named in place that in-house attorney).

(c)    support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, interpreters, translators, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(d)    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(e)    no more than two designated persons representing each Party (including persons employed by affiliates) with whom counsel find it necessary to consult, in the discretion of such counsel, in preparation for trial in this Action;

(f)    any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

(g)    service contractors (such as document copy services), jury consultants and graphic artists;

(h)    any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person;

(i)    personnel of the Court, including Mediators (and their assistants) assigned by the Court and all appropriate courts of appellate jurisdiction; and

(j)    any person agreed to by the Producing Party in writing.

CONFIDENTIAL material shall not be disclosed to persons described in sections (b), (d), (e) or (j) of this paragraph unless and until such person has executed the affidavit in the form attached as Exhibit A.  CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to this paragraph and Paragraphs 15 and 16 of this Protective Order.

14.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY may be disclosed by the Receiving Party only to the following persons:

(a)     any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

(b)     support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, interpreters, translators, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d)     any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

(e)     service contractors (such as document copy services), jury consultants and graphic artists;

(f)     any person who authored and/or was an identified original recipient of the particular SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material sought to be disclosed to that person;

(g)     personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)     any person agreed to by the Producing Party in writing.

SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material shall not be disclosed to persons described in sections (c) or (h) of this paragraph unless and until such person has executed the affidavit in the form attached as Exhibit A.

SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material shall not be disclosed to any person unless such person is authorized to receive SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material pursuant to Paragraphs 14, 15 and 16 of this Protective Order.

15.   (a)   At least seven (7) days before the disclosure of any CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material of the Producing Party is made to an individual described above in Paragraphs 13 (b), (d), (e) and (j), the following conditions must have been satisfied: (i) the proposed individual must have executed an affidavit in the form of Exhibit A attached hereto; (ii) the executed affidavit has been served on the Producing Party; and (iii) the Producing Party has not objected to the proposed individual pursuant to paragraph (c) of this Section, or the Court has ruled on an application by the Receiving Party that the proposed individual may receive CONFIDENTIAL material of the Producing Party.

(b)   Further, at least seven (7) days before the disclosure of any CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material of the Producing Party is made to an individual described above in Paragraph 13 (d) or (j) or 14(c) or (h), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years.  The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of

that consulting work.  If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.  In the event that said individual enters into any subsequent consulting agreements or arrangements while the present action is still pending, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements.

(c)     The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information to any individual described in Paragraph 13, sub-paragraphs (b), (d), (e) or (j) or Paragraph 14, sub-paragraphs (c) or (h), and state the reasons therefor in writing to the Receiving Party within seven (7) days of receipt of the Notice.  Upon the making of any such objection(s), the Receiving Party shall have ten (10) days (or any additional time which may be agreed upon by the parties or granted by the Court) from receipt of the objection(s) in which to permit, by filing a motion, the disclosure of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information.  Unless the Producing Party objects to the disclosure in accordance with the Notice and timing provisions of this paragraph and Paragraph 32, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material under the terms of this Protective Order.  Should the Producing Party properly object and the Receiving Party file a motion,

CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material will not be disclosed pending resolution of the motion.

16.     Court reporters, court interpreters and translators and their personnel (except those involved in the official transcription or interpretation of proceedings before the Court) shall execute a copy of the affidavit attached as Exhibit A before recording testimony that may contain CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material and the executed affidavit shall be served on the Producing Party.  The recipient of any CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

17.     None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY has/had been:

(a)     in the public domain at the time of its production hereunder;

(b)     in the public domain after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)     obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or as SUPERCONFIDENTIAL

INFORMATION – OUTSIDE COUNSEL ONLY; provided, however, that this provision does not negate any pre-existing obligation of confidentiality; or

(d)    obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same.

The parties will use their best efforts to resolve any dispute under this Paragraph 17, before involving the Court.

18.   On motion to the Court, that information designated CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY does not fall within the definitions of "CONFIDENTIAL" or "SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" set forth in Paragraphs 4, 5 and 6 above, the Producing Party shall have the burden of proof of establishing that Discovery Material challenged constitutes CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY Discovery Material as defined in Paragraphs 4, 5 and 6.

19.   Notwithstanding any provision in this Protective Order to the contrary, an individual who has been given access to CONFIDENTIAL or SUPERCONFIDENTIAL-OUTSIDE COUNSEL ONLY material produced by PPC/SPC (collectively, the "PPC Protected Information") in this action, may, for purposes of conducting this litigation and for no other purpose whatsoever, discuss such PPC Protected Information with any individual who has been given access to PPC Protected Information in any of the PPC/SPC Lawsuits (as that term is defined below) under substantially similar obligations of confidentiality as are provided by this Protective Order.   The phrase "PPC/SPC Lawsuits" as used in this paragraph refers to the following lawsuits:

• Plasma Physics Corp., et al. v. AU Optronics Corporation, et al., 08-1627

- Plasma Physics Corp., et al. v. Chi Mei Optoelectronics Corp., et al., 08-1628

- Plasma Physics Corp., et al. v. Innolux Display Corp., et al., 08-1629

- Any lawsuit hereafter commenced by PPC/SPC relating to the patents-in-suit

20.   Notwithstanding any provision in this Protective Order to the contrary, PPC/SPC shall be prohibited from producing any materials provided to it by any Defendant signatory to this Protective Order marked CONFIDENTIAL or SUPERCONFIDENTIAL-OUTSIDE COUNSEL ONLY to any other defendant in the PPC/SPC Lawsuits unless ordered to do so by Court Order or given permission by the Producing Party.  If PPC/SPC concludes that any such discovery materials provided to it by any Defendant signatory to this Protective Order are responsive to a discovery request from any party defendant in the PPC/SPC Lawsuits, PPC/SPC shall notify the Producing Party of that fact, and the Producing Party shall thereafter have the obligation to contact the requesting Defendant regarding that request.

21.   If any party withholds any information requested on the basis that this material was produced under a protective order in another case, the party shall disclose that such material is being withheld on this basis and identify the discovery request that the information is responsive to and by whom such withheld material was produced to the party.

## INADVERTENT PRODUCTION/DESIGNATION

22.   The inadvertent production of documents subject to the attorney-client privilege the attorney work-product doctrine or any other privilege or exemption from discovery will not waive such privilege or exemption.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document which it believes may be subject to any such privilege or exemption from discovery, each party receiving said

document shall return it and all copies within three (3) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

23.  The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY within seven (7) days from when the failure to designate first became known to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 16 of this Protective Order.  If

data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph, to the extent possible, the information and/or data will be expunged and not used.

24.   In the event of disclosure of Discovery Materials designated CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

25. In the event that any CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTION TO DESIGNATIONS

26.   Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL or as SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY.  The process for making such an objection and for resolving the dispute shall be as follows:

(a)   The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.   This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b)   The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c)   Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY and entitled to such protection under this Protective Order.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

27.   Not later than sixty (60) days after the Termination of this Action (defined below), all CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that

each parties' outside counsel may maintain one copy for archival purposes of its correspondence file of this case, its pleading file (including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party represented and any briefs and appendix on appeal and all legal research memoranda), and its file of deposition transcripts and accompanying exhibits, and trial transcripts and accompanying exhibits.   The party receiving any CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material shall certify in writing that all such material, including CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

28.   This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this Protective Order is not believed by such party to be adequate.   Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

29.   The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

30.   If at any time CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL

or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY materials.  If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

31.   Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material.

32.   All notices required by any paragraphs of this Protective Order are to be made by facsimile or electronic mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.

33.   Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.  All specified time periods are in calendar days unless otherwise indicated.

34.   Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying

in a general way upon his or her examination of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose to any person not authorized to receive such CONFIDENTIAL OR SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material under this Protective Order the contents of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material produced by any other party or non-party.

35.   Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

36.   All persons receiving CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY materials are prohibited from producing them to any other persons, except in conformance with this Protective Order.  Each individual who receives CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

37.   For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this Action by the parties.

38.   The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

39.   Any party may move at any time to modify the terms of this Protective Order.  A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

40.   Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

41.   This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

Dated: January 12, 2009

| | |
|---|---|
| **PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION** | **CHI MEI OPTOELECTRONICS CORP. and CHI MEI OPTOELECTRONICS USA INC.** |

By:  */s/ Jennifer Cozeolino*                    By:  */s/ Lynn M. Marvin with permission by Jennifer Cozeolino*

Neil P. Sirota NPS 3870                          John J. Lauter JJL 3226
Paul A. Ragusa PAR 9165                          Barry R. Satine BS 8785
Robert L. Maier RLM 2930                         Lynn M. Marvin LM 0987
Jennifer Cozeolino JC 4841                       JONES DAY
BAKER BOTTS L.L.P.                               222 East 41st Street
30 Rockefeller Plaza                             New York, NY 10017
New York, NY 10112                               (212)326-3939
(212) 408-2500

**AU OPTRONICS CORPORATION and AU OPTRONICS CORPORATION AMERICA**                                  **INNOLUX CORPORATION AND INNOLUX DISPLAY CORPORATION**

By:  */s/ Peter J. Wied with permission by Jennifer Cozeolino*                    By:  */s/ Christopher P. Broderick with permission by Jennifer Cozeolino*

Danielle M. White                               Christopher P. Broderick (CB5323)
PAUL HASTINGS JANOFSKY & WALKER LLP              HOGAN & HARTSON LLP
75 East 55th Street                             1900 Avenue of the Stars, Suite 1400
New York, NY 10022                              Los Angeles, California 90067
(212) 318-6000                                  (310) 785-4600

OF COUNSEL:                                      Mark J. Lemire (ML2875)
Vincent K. Yip (Pro Hac Vice)                   HOGAN & HARTSON LLP
Jay C. Chiu (Pro Hac Vice)                      875 Third Avenue, New York, NY 10022
Peter J. Wied (Pro Hac Vice)                    (212) 918-3000
PAUL HASTINGS JANOFSKY & WALKER
LLP                                             OF COUNSEL:
515 South Flower Street, 25th Floor             Richard de Bodo
Los Angeles, CA 90071                           Huan-Yi Lin
(213) 683-6000                                  HOGAN & HARTSON LLP
                                                1900 Avenue of the Stars, Suite 1400
                                                Los Angeles, California 90067
                                                (310) 785-4600

IT IS SO ORDERED.

Dated: _____          _____

United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-1627-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| AU OPTRONICS CORPORATION and AU OPTRONICS CORPORATION AMERICA | ) ) ) ) | |
| Defendants. | ) ) | |
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-1628-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| CHI MEI OPTOELECTRONICS CORP. and CHI MEI OPTOELECTRONICS USA INC., | ) ) ) | |
| Defendants. | ) ) | |
| PLASMA PHYSICS CORPORATION and SOLAR PHYSICS CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-1629-LDW-WDW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| INNOLUX DISPLAY CORPORATION. and INNOLUX CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

I certify that I have read and am fully familiar with the terms of the stipulated Protective Order entered on _____, 2009 in the above-captioned litigation and agree to be bound by its terms.  Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or SUPERCONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY material, as set forth in said stipulated Protective Order, or the information contained therein.  I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order.

Date:_____

Signature: _____

Name: _____

Address: _____