# Duane Morris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

GREGORY P. GULIA
DIRECT DIAL: 212.692.1027
E-MAIL: gpgulia@duanemorris.com

www.duanemorris.com

September 22, 2010

VIA ELECTRONIC FILING AND FEDEX

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   **Plasma Physics Corp., et al. v. Chi Mei Optoelectronics Corp., et al.
      Civil Action No. 2:08-cv-1628-LDW-WDW**

Dear Judge Wexler:

      Chi-Mei Optoelectronics Corporation ("CMO") and Chi Mei Optoelectronics Corporation USA, Inc. ("CMO USA") (CMO and CMO USA collectively hereinafter the "Defendants") respectfully request a pre-motion conference seeking leave to file a motion for summary judgment on the grounds that Defendants are not liable for any infringement claims of the patents-in-suit in view of a written agreement with Defendants whereby Plaintiffs: (1) granted a license permitting the manufacture and sale of Defendants' products which Plaintiffs allege infringe the patents-in-suit (the "Accused Products"); (2) covenanted not to sue Defendants for infringing the patents-in-suit in connection with the manufacture and sale of the Accused Products; and (3) released Defendants from any claims of infringement of the patents-in-suit related to the manufacture and sale of the Accused Products.

## I.  BACKGROUND

      Plaintiffs brought this action against Defendants on April 18, 2008. On the same date, Plaintiffs brought four additional actions against several other entities, including Innolux Display Corporation ("IDC"), alleging infringement of the patents-in-suit.

      On June 30, 2009, Plaintiffs and John H. Coleman ("Coleman"), the named inventor on each of the patents-in-suit, entered into a License Agreement (the "Agreement") with IDC to settle the suit brought by Plaintiffs against IDC. Under the Agreement, the Plaintiffs and Coleman granted IDC and its affiliates a license to several patents, including each of the patents-in-suit, agreed not to sue IDC and its affiliates, successors and assigns for patent infringement for activities from and after the date of the Agreement, and released IDC and its affiliates, successors and assigns from any claims of patent infringement based upon events occurring prior to the date of the Agreement. Plaintiffs and Coleman also granted IDC the right to assign the Agreement without restriction to a successor to or purchaser of its business related to the Accused Products, in which



case the rights and benefits of IDC under the Agreement would inure to the benefit of the successor.

On or about March 18, 2010, IDC merged with CMO and TPO Displays Corporation ("TPO") (the "Merger") whereby IDC was the surviving corporation of the Merger and became the parent company and one hundred percent owner of CMO USA. Subsequent to the Merger, the name of IDC was changed to Chi Mei Innolux Corporation ("CMI").

As a result of the Merger and subsequent name change of IDC to CMI: (1) all of the rights, privileges and obligations of IDC under the Agreement are now vested in CMI; (2) all of the assets and liabilities of CMO are now vested in CMI; and (3) CMO USA is a wholly owned subsidiary of CMI.

## II. IDC's RIGHTS UNDER THE AGREEMENT EXTEND TO THE ACCUSED PRODUCTS AND PROCESSES

IDC (now CMI) bargained for and received under the Agreement the right to be free from liability arising from any infringement of the patents-in-suit, regardless of any future acquisitions or other affiliations. The rights granted by Plaintiffs and Coleman to IDC under the Agreement, including the patent license, covenant not to sue, and release, unambiguously inure to the benefit of CMI and CMO USA. As a result of the Merger and name change, IDC is now CMI and CMO USA is a "Subsidiary" and "Affiliate" of CMI as defined in the Agreement. (Agreement at p. 3).

The rights granted by Plaintiffs and Coleman under the Agreement, including the patent license, covenant not to sue, and release, also unambiguously extend to all of the products of CMI, including the Accused Products of CMO, as the definition of "IDC Products" includes the products of IDC (now CMI) as well as future subsidiaries (including CMO USA), and their successors and assigns. (Agreement at p. 3).

### A. The Patent License

Under Section 2.1 of the Agreement, Plaintiffs and Coleman granted to "IDC [now CMI] and its Affiliates [including Subsidiary CMO USA]" a "non-exclusive, perpetual, fully paid up license under the Coleman Patents to make, have made, market, use, have used, sell, offer to sell, have sold, sell, import, have imported, export, have exported, and distribute any IDC Products." As discussed above, the term "IDC Products" includes the products of CMI and CMO USA. Under Section 3.1, the license fee represents "nonrefundable royalties for past, present, or future use by IDC [now CMI] and its Affiliates [including CMO USA] . . . of the Coleman Patents ...." (Agreement § 3.1) Pursuant to the Merger, all assets and liabilities of CMO now vest in CMI, including any liabilities arising from the manufacture and sale of the Accused Products. Thus pursuant to the unambiguous grant of the patent license in the Agreement, all of the past, present and future sales of the Accused Products are licensed by Plaintiffs and Coleman.

### B. The Covenant Not To Sue

Under Section 4.1(a) of the Agreement, Plaintiffs and Coleman covenanted not to sue "IDC [now CMI] and/or any Affiliate of IDC [including CMO USA], and their respective ... successors and assigns in the future" with respect to the patents-in-suit for activities from and after the date of the Agreement with respect to IDC Products. Thus pursuant to the unambiguous language of the



covenant not to sue granted by Plaintiffs in the Agreement, Plaintiffs are in breach of the Agreement by maintaining this suit against CMO (now CMI) and CMO USA with respect to the Accused Products for activities from and after June 30, 2009.

### C. The Release

Under Section 4.1(b) of the Agreement, Plaintiffs and Coleman unconditionally released and forever discharged "IDC [now CMI] . . . and its Affiliates [including CMO USA], and their respective successors, and assigns, . . . with respect to IDC Products" from all claims that Plaintiffs or Coleman ever had or thereafter may have of infringing the patents-in-suit based upon events occurring prior to the date of the Agreement. Thus CMO (now CMI) and CMO USA are released from all claims in the present action with respect to the Accused Products based upon any events occurring prior to June 30, 2009.

### III. WHETHER THE MERGER CONSTITUTED AN ASSIGNMENT OR TRANSFER OF THE AGREEMENT IS NOT A MATERIAL FACT

Plaintiffs have alleged that the Merger resulted in an assignment of the Agreement by operation of law from IDC to CMI and that such assignment was in breach of the Agreement because neither Plaintiffs nor Coleman consented to the assignment. Defendants vehemently disagree with Plaintiffs' assertion that an assignment occurred by operation of law. However, this fact is not material to the issues presented in Defendants' proposed motion for summary judgment.

Under Section 8.2 of the Agreement, Plaintiffs granted to IDC the right to assign the Agreement to a successor of IDC's business related to the Accused Products resulting in all rights under the Agreement inuring to the benefit of the successor. If an assignment occurred by operation of law as a result of the Merger, then CMI is a successor to all of IDC's business related to the Accused Devices. Moreover, the products of the successor are "IDC Products" as defined in the Agreement. The consent provision in Section 8.2 pertains only "[e]xcept as set forth above" and thus does not pertain to the alleged assignment of the entire business of IDC.

### IV. RESOLVING DEFENDANTS' SUMMARY JUDGMENT MOTION NOW IS EFFICIENT AND WOULD MOOT ALL OF PLAINTIFFS' CLAIMS AGAINST DEFENDANTS

Addressing Defendants' summary judgment motion now would promote efficiency and judicial economy. If the Court holds that the Accused Products are licensed, that Plaintiffs' maintenance of the instant action is in violation of its covenant not to sue under the Agreement, and/or that Plaintiffs' patent infringement claims are released under the Agreement, such a holding is dispositive of all of Plaintiffs' claims against Defendants. Defendants respectfully request the Court grant Defendants leave to file the proposed motion for summary judgment pertaining the Agreement.

Respectfully submitted,

Gregory P. Gulia

GPG:slj
cc: All counsel of Record (via ECF)